# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **GRACE ZUCKER,** | : | **CASE NO. _____** |
| | | **JUDGE_____** |
| **PLAINTIFF,** | : | |
| **V.** | : | **COMPLAINT WITH JURY DEMAND** |
| **FASTENAL COMPANY** | : | |
| **DEFENDANT.** | : | |

## INTRODUCTION

This is an action for damages and injunctive relief based upon Plaintiff's claims of sex-based wage discrimination in violation of the Equal Pay Act of 1963 (hereinafter referred to as the "EPA"), 29 U.S.C. § 206(d), the Lily Ledbetter Fair Pay Act of 2009 (hereinafter referred to as the "LLFPA"), Pub. L. 111-2, Ohio Revised Code §§ 4111.17 and Ohio Revised Code §§ 4112.02 and 4112.99, as well as the denial of a promotion on the basis of sex in violation of Ohio Revised Code §§ 4112.02 and 4112.99.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction in this case under the Fair Labor Standards Act of 1938 (hereinafter referred to as "FLSA"), 29 U.S.C. § 201 et seq., as Amended by the EPA.

2. Venue is proper in the Southern District of Ohio, Western Division at Dayton because it is the location where the claims as set forth herein arose.

1

## PARTIES

3. Plaintiff, Grace Zucker, is a resident of Beavercreek, Ohio and Greene County, Ohio.

4. At all times relevant to this action Plaintiff was employed by Defendant, Fastenal Company, as a Sales Support Representative.

5. Plaintiff is an employee as defined by the FLSA, EPA, LLFPA, R.C. 4111.17 and R.C. 4112.01.

6. Defendant is a foreign corporation, doing business in Montgomery County, Ohio.

7. Defendant was Plaintiff's employer at all times relevant to this action.

8. Defendant is an employer within the meaning of the FLSA (29 U.S.C. §203(d)), EPA, Title VII, LLFPA, and R.C. 4112.01.

## FACTUAL BACKGROUND

9. Plaintiff is female.

10. Plaintiff was employed by Defendant as a Sales Support Representative from October 2018 through August 29, 2020, at its store located at 2314 Stanley Avenue, Dayton, Ohio 45404.

11. Plaintiff received a salary of $2,400.00 per month and commissions of 5% based on a formula comprised of the monthly sales of the store in which she worked and other factors.

12. Despite being labeled as a Sales Support Representative, Plaintiff performed the same job duties as Defendant's male Sales Associates. Those job duties included, but were not limited to assisting with sales/customer service, managing inventory, placing and fulfilling orders, receiving and shipping inventory, performing deliveries with a company vehicle. Plaintiff's job duties were substantially equal in skill, effort, responsibility and working conditions to those of Defendant's male Sales Associates. Plaintiff was similarly-situated to Defendant's male Sales Associates.

13. Male Sales Associates were paid a salary of $2,500–$3,000 and commissions of 20% based on a formula comprised of monthly sales of the store in which she worked and other factors. The formula used to calculate the commissions of Sales Associates is the same formula which is used to calculate the commissions of Sales Support Representatives.

14. Plaintiff requested on three occasions that her pay be increased and each request was denied by Matt Hudson, Defendant's District Manager.

15. In Spring 2020, Defendant promoted Austin Simmons, a male Sales Support Representative to the position of Sales Associate.

16. Prior to Mr. Simmons' promotion, Plaintiff had expressed an interest in the position of Sales Associate.

17. Plaintiff was qualified for the position of Sales Associate, as she satisfactorily performed the duties of the position while working as a Sales Support Associate. Plaintiff was more qualified for the position than Mr. Simmons'.

18. Plaintiff was denied a promotion to the position of Sales Associate and was not given the opportunity to compete for the position.

19. When Plaintiff inquired as to why she was not selected for the Sales Associate position, she was told by Luke Wildermuth, Branch Manager, that she belonged inside the office (rather than outside the store selling products to Defendant's customers).

20. During Plaintiff's employment with Defendant, Defendant did not employ any female Sales Associates at its Dayton, Ohio branch.

21. Plaintiff was denied a promotion to the position of Sales Associate due to her sex in violation of Ohio Revised Code §§ 4112.02 and 4112.99.

22. Defendant has repeatedly and willfully violated Ohio Revised Code §§ 4112.02 4112.99, the EPA and LLFPA by discriminating against Plaintiff on the basis of her sex by paying wages and commissions to Plaintiff at rates less than the rates at which Defendant paid wages to male employees in the same establishment for equal work on jobs, the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions.

23. As a direct and proximate result of Plaintiff being denied equal pay and a promotion, Plaintiff has suffered injuries in the form of loss of earnings and benefits and other damages.

24. The actions of Defendant were wanton and malicious and/or in reckless disregard for Plaintiff's statutory and common law rights under the EPA, LLFPA, and R.C. §§ 4112.02 and 4112.99.

**FIRST CLAIM FOR RELIEF**

25. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 24, as if fully rewritten herein.

26. The actions of Defendant constitute wage discrimination in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d).

## SECOND CLAIM FOR RELIEF

27. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 26, as if fully rewritten herein.

28. The actions of Defendant constitute wage discrimination in violation of the Lily Ledbetter Fair Pay Act of 2009, Pub. L. 111-2

## THIRD CLAIM FOR RELIEF

29. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 28, as if fully rewritten herein.

30. The actions of Defendant constitute wage discrimination in violation of Ohio Revised Code §§ 4111.17.

## FOURTH CLAIM FOR RELIEF

31. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 30, as if fully rewritten herein.

32. The actions of Defendant constitute sex discrimination in violation of Ohio Revised Code §§ 4112.02 and 4112.99, relating to the wage discrimination and the denial of the promotion.

WHEREFORE, Plaintiff demands the following:

A. Lost wages, fringe benefits, and compensatory damages in an amount exceeding $25,000.00;

B. Punitive damages in an amount exceeding $25,000.00;

C. The difference between the wages actually received and the wages paid to Mr. Simmons' and interest thereon together with an additional equal amount as liquidated damages;

D. Attorney fees and costs of this suit;

E. Other relief that this Court may determine to be appropriate.

Respectfully submitted,

*/s/   JASON P. MATTHEWS*
Jason P. Matthews, #0073144
Matthew C. Schultz, #0080142
Jason P. Matthews, LLC
130 West Second Street
Suite 924
Dayton, OH  45402
P. (937) 608-4368 F. 1-888-577-3589
jason@daytonemploymentlawyers.com
matt@daytonemploymentlawyers.com
Attorneys for Plaintiff

## JURY DEMAND

Now comes Plaintiff Grace Zucker, and respectfully demands a trial by jury on her claims in the case at bar.

>*/s/   JASON P. MATTHEWS*
>Jason P. Matthews, #0073144